**GAN WANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–77046.

United States Court of Appeals, Ninth Circuit.

Submitted on March 12, 2007.*

Filed March 21, 2007.

Sara H. Lee, Esq., Tsoi & Associates, Monterey Park, CA, for Petitioner.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Peachey, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., S. Terry Schubert, Esq., DOJ—U.S. Department of Justice, Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Gan Wang, a native and citizen of China, petitions for review of a Board of Immigration Appeals decision that affirmed the ruling of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Con-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

vention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

We review the agency's decision for substantial evidence, *see Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006), and we deny the petition.

In denying Wang's asylum claim, the IJ concluded that Wang had failed to satisfy his burden of proving an objective basis for a well-founded fear of future persecution. Because the record does not compel a contrary conclusion, the IJ's findings are supported by substantial evidence. *See id.*

Because Wang failed to satisfy the lower standard of proof for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

Substantial evidence supports the denial of Wang's CAT claim because he did not establish that it was more likely than not that he would be tortured if he returned to China. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**